E-FILED
Tuesday, 10 November, 2026 11:54:00 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,** | ) | |
| v. | ) | **Case No. 24-cr-30041** |
| **AMBROSIA RENICKS,**<br>**Defendant.** | ) | |

**OPINION**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant's Motion to Unseal Spaid Affidavit and File Unredacted *In Camera* Discovery as a Sealed Docket Entry for Purposes of the Record. (Doc. 55). Also pending is the Government's Motion for Leave to File Its Proposed Redactions under Seal. (Doc. 69). For the reasons that follow, Defendant's motion is granted and the Government's motion is denied.

## I. Motion to Unseal Affidavit and File In Camera Discovery

Defendant asks the Court to unseal the Affidavit of Springfield Police Sergeant Justin Spaid submitted by the Government in opposing Defendant's Motion for Selective Enforcement Discovery. The Spaid Affidavit was filed under seal and remains under seal. Defendant asks that it be unsealed so that portions of the Affidavit can be referred to in an unsealed motion to dismiss. The Spaid affidavit was discussed at length by counsel for both parties at the June 10, 2025 and July 31, 2025 hearings on the Motion for Discovery. Because the Spaid affidavit has already been discussed on the record, Defendant contends there is is no legal basis for maintaining the affidavit under seal.

While acknowledging the strong presumption that documents be unsealed, the Government opposes Defendant's request to unseal the Spaid affidavit. "The general rule is that the record of a judicial proceeding is public." *See Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). This is because these "records often concern issues in which the public has an interest, in which event concealing the records disserves the values protected by the free-speech and free-press clauses of the First Amendment, but also the public cannot monitor judicial performance adequately if the records of judicial proceedings are secret." *Id.* at 928. There are circumstances which present a "compelling interest in secrecy," such as those that involve "trade secrets, the identity of informers, and the privacy of children," which warrant sealing portions of the record and in extreme cases the entire record. *Id.* "The interest in secrecy is weighed against the competing interests case by case." *Id.*

Citing *United States v. Davis*, 793 F.3d 712 (7th Cir. 2015), the Government states that confidential law enforcement investigative criteria is an example of a compelling interest which warrants taking steps such as sealed filings or *in camera* inspection to protect legitimate law enforcement interests, *id.* at 723, as has happened in this case thus far. The Government notes that, in ruling on the Government's Motions for Discovery Related to Selective Enforcement, this Court has recognized law enforcement's "legitimate interest in preventing suspects and potential suspects from learning how to avoid being investigated or prosecuted." (Doc. 31 at 10). Furthermore, the Government alleges that the Spaid affidavit and the *in camera* discovery would effectively reveal confidential law enforcement intelligence and methods that could compromise ongoing

investigations. More specifically, it would essentially provide criminals with a blueprint of law enforcement methods which could make it easier to evade detection. The unsealing of the affidavit or discovery or to allow the filing of pleadings related to those documents without filing them under seal would render useless the protection of those law enforcement interests discussed in *Davis*.

In support of her argument, Defendant cites *In re Continental Illinois Securities Litigation*, 732 F.2d 1302 (7th Cir. 1984), wherein the court considered the public's right to access highly sensitive information contained in a litigation report prepared by Jenner & Block and Price Waterhouse. *Id.* at 1304-05. Based on the presumption in favor of public access to documents used in both criminal proceedings and civil proceedings, reporters covering the district court proceedings requested access to the report. *Id.* at 1306-08. In considering whether the report should be made public, the Seventh Circuit observed that extensive portions of the report had been discussed at a prior hearing. *Id.* at 1312-13. The "selective public references to the contents of the Report at the hearing" weighed in favor of public access. *Id.* at 1313. "There is little interest in the confidentiality of documents which have been publicly discussed." *Id.* at 1314.

As Defendant alleges, the Spaid affidavit was discussed extensively in a courtroom that was open to the public. The transcripts show that excerpts from the Spaid affidavit were quoted and/or discussed by both counsel, particularly at the first hearing. Paragraphs 2 through 8 of the 8-paragraph affidavit relate to the issues raised by Defendant. The transcripts show that each of those paragraphs was discussed at one or both hearings. Because every aspect of the Spaid affidavit was discussed in a public

hearing, the Court finds pursuant to *Continental Illinois Securities Litigation* that the presumption in favor of public access carries the day and the affidavit should not be sealed.

Defendant also asks the Court to add a sealed entry to the docket that includes the *in camera* evidence so that it could be referenced as part of these records in these proceedings or on appeal. The Government further contends that Defendant has not provided any reason why discovery materials should be filed as part of the record. Discovery materials typically are not filed on the docket in criminal cases and the Court already has physical custody of the records submitted for *in camera* review.

In her reply, Defendant notes that without including such evidence, there is a risk that the Court will decide a pretrial motion based on materials that are not part of the record. This concern was addressed by the Seventh Circuit in *United States v. Dixon*, 137 F.4th 592 (7th Cir. 2025), when the record lacked evidence of whether the defendant had standing under the Fourth Amendment to challenge warrantless searches of his property. *Id.* at 598-99. The Court observed:

> Our review of the district court's decision is complicated by the fact that both parties failed to submit actual evidence supporting the factual assertions in their briefs on the motion to suppress. We therefore find significant gaps in the record. In denying Dixon's motion, the district court appears to have relied substantially on the government's unsupported statement of facts. During oral argument before this court, the government told us that courts in the Central District of Illinois regularly rely on one party's unsupported statement of facts to decide motions to suppress, so long as those facts are not disputed by the other party. We do not have before us a clear and complete picture of how this practice works. But whatever efficiency gains might be achieved by this practice, it does not, in the absence of a clear stipulation of facts, produce a proper evidentiary basis for a district court's factual findings or for appellate review.

*Id.* at 599. The Seventh Circuit compared the issue to summary judgment motions in civil cases. *Id.* at 610 n.6. "In the absence of an agreement between the parties, even an undisputed factual assertion ordinarily must be supported by record evidence for a court to consider it, as in civil summary judgment practice." *Id.* While discovery materials are not typically included as part of the docket, the Court agrees that including a sealed entry that contains the *in camera* evidence is warranted to ensure compliance with *Dixon*. Therefore, the Court grants Defendant's request to file unredacted *in camera* discovery as a sealed docket entry for record purposes.

## II. Motion for Leave to File Redactions under Seal

The Court construes the Government's Motion for leave to file Redactions under Seal as a Motion of Requested Redactions as to the Transcripts of both hearings. The Court has reviewed the requested redactions, which all relate to the Spaid affidavit and information contained therein. The Government again notes that when compelling interests such as "trade secrets, the identity of informers and the privacy of children" exist, portions of the record can be sealed. *Jessup*, 277 F.3d at 928. For the reasons previously stated, the Court finds no basis to order transcript redactions. As has been discussed, the affidavit and issues raised therein were discussed extensively in a public courtroom. The reasoning of *Continental Illinois Securities Litigation* applies, and the Court has no basis to order redactions.

## III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Unseal Spaid Affidavit and file Unredacted *In Camera* Discovery as a Sealed Docket Entry for Purposes of the Record (Doc. 55) is GRANTED. The Clerk shall unseal the Affidavit of Justin Spaid (Doc. 21-1). The Clerk shall add a sealed entry to the docket that includes the evidence submitted via wallet drive for *in camera* inspection in accordance with the Order (Doc. 31) on Defendant's Motions for Discovery. The Government's Motion for leave to File Redactions under Seal, which the Court construes as a Motion of Requested Redactions as to Transcripts (Doc. 69), is DENIED.

ENTER: November 9, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE